**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LEE MICHAEL TOMKO,

    Plaintiff,

v.                                        Case No:   6:22-cv-1865-LHP

UNITED STATES OF AMERICA,

    Defendant

---

**ORDER**[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNITED STATES' MOTION TO DISMISS AND MEMORANDUM OF LAW (Doc. No. 11)
>
> **FILED:** March 10, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 18–20.

**I.     INTRODUCTION.**

On October 11, 2022, Plaintiff Lee Michael Tomko, proceeding *pro se*, filed a Complaint for a Civil Case Alleging Breach of Contract against the United States of America.  Doc. No. 1.  In the complaint, Plaintiff alleges jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), and seeks $200 billion in damages for "unending harassment of a dangerous, extreme, and toxic nature from a government investigation that has resulted in significant work and mental health issues."  *Id.* at 1, 3–4.  In a Statement of Claim, Plaintiff recites:

> My understanding is that there is a contract between Donald Trump and the FBI that was signed when he was in office, is about an investigation of Lee Tomko (me) and included a significant financial benefit and other significant legal agreements.

*Id.* at 4.  Plaintiff provides no further factual support.  *See id.*

The United States has filed a motion to dismiss the complaint, arguing that the Court lacks subject matter jurisdiction because (1) Plaintiff fails to plead waiver of sovereign immunity; (2) no diversity jurisdiction exists; and (3) no jurisdiction exists on a breach of contract claim pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1).  Doc. No. 11, at 3–5.  Alternatively, the United States argues that the complaint fails to state a claim and constitutes a shotgun pleading.  *Id.* at 6–10.

Plaintiff opposes, with citation to no legal authority in support, arguing that government employees have been communicating with him through his computer and electronic devices, including regarding a government investigation into him

- 2 -

that has been closed, and that an investigator "has been trying to fulfill a contract due to damages." Doc. No. 14, at 1–3. Plaintiff suggests that "repleading would be an unnecessary waste of time and could add significant additional costs." *Id.* at 1. *See also id.* at 4.[2]

The motion to dismiss is ripe for disposition. For the reasons discussed herein, the motion will be granted and the complaint dismissed for failure to establish subject matter jurisdiction.

## II.   LEGAL STANDARDS.

The United States moves to dismiss the complaint for lack of subject matter jurisdiction. Doc. No. 11. "Subject matter jurisdiction is appropriately dealt with by means of a . . . Rule 12(b)(1) motion to dismiss." *McCants v. Ala.-W. Fla. Conference of the United Methodist Church, Inc.*, 372 F. App'x 39, 40 (11th Cir. 2010) (per curiam) (alteration in original) (quoting *United States v. Blue Cross & Blue Shield*

---

[2] Plaintiff also improperly imbeds a motion for judgment on the pleadings in his response. Doc. No. 14, at 3–4. *See generally Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2016 WL 11618569, at *1 (M.D. Fla. June 24, 2016) ("[I]nclusion of a request for affirmative relief in a response rather than filing a motion is improper."). Even if the Court were to consider the motion, however, judgment on the pleadings is not appropriate at this stage of the litigation, where the United States has not answered the complaint, but rather filed a motion to dismiss. *See, e.g., Est. of Jackson ex rel. Jackson-Platts v. Sandnes*, No. 8:13-cv-1133-T-33MAP, 2014 WL 408489, at *1–2 (M.D. Fla. Feb. 3, 2014) (denying as premature motion for judgment on the pleadings where the defendants moved to dismiss the complaint, noting that "[t]he Court should not decide a motion for judgment on the pleadings until the pleadings are 'closed.'"); *Trustmark Ins. Co. v. ESLU, Inc.*, 153 F. Supp. 2d 1322, 1324 (M.D. Fla. 2001), *aff'd*, 299 F.3d 1265 (11th Cir. 2002) (motion for judgment on the pleadings premature prior to the defendant serving its answer).

*of Ala., Inc.*, 156 F.3d 1098, 1101 n.7 (11th Cir. 1998)).[3]  "[O]n a motion to dismiss for lack of subject matter jurisdiction, the non-moving party has the burden of showing that it properly invoked the court's jurisdiction."  *Bok v. Mut. Assurance, Inc.*, 917 F. Supp. 778, 779 (M.D. Ala. 1996) (citations omitted).  A motion to dismiss for lack of subject matter jurisdiction can take the form of either a facial or factual attack.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam).  A facial attack requires the court merely to look and see if the claimant has sufficiently alleged a basis of subject matter jurisdiction.  *Id.* at 1529.  Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings.  *Id.*  Here, the United States is asserting a facial challenge under Rule 12(b)(1).  Doc. No. 11, at 3.

The United States alternatively moves to dismiss the complaint for failure to state a claim or as a shotgun pleading.  *Id.* at 6–10.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed.

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36–2.

R. Civ. P. 10(b).  Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.[4]

## III.   ANALYSIS.

Upon consideration, the Court finds the United States' first argument dispositive, specifically, Plaintiff's failure to allege subject matter jurisdiction and waiver of sovereign immunity by the United States.

"It is a well-settled axiom that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued.'"  *Mid-S. Holding Co. v. United States*, 225 F.3d 1201, 1203 (11th Cir. 2000) (alteration in original) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, (1941)).  "Supreme Court precedent has expounded

---

[4] "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"  *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1321–23.  Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

that this waiver of immunity 'must be unequivocally expressed in statutory text.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Thus, "[a] failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction." *Lake Chase Condo. Ass'n, Inc. v. Sec'y of Hous. & Urban Dev.*, No. 8:12-cv-177-T-23TBM, 2013 WL 3772487, at *1 (M.D. Fla. July 16, 2013).

Upon review of Plaintiff's complaint, it is not entirely clear what claim(s) Plaintiff raises(s), although based on the title of the complaint, it appears to be based on alleged breach of contract. Doc. No. 1.[5] Plaintiff vaguely references a contract between Donald Trump and the FBI, investigation into Plaintiff, and "unending harassment." *Id.* at 4. Plaintiff nowhere pleads the Court's subject matter jurisdiction over his claim, nor does Plaintiff plead waiver of the United States' sovereign immunity or identify the source of any such waiver.[6] This is fatal to

---

[5] The Civil Cover Sheet in this matter identifies "other contract" as the nature of the suit, and the description of the cause is "non payment." Doc. No. 1-1.

[6] To the extent that Plaintiff alleges jurisdiction based on diversity of citizenship between the parties, "diversity jurisdiction cannot be used as a basis to establish jurisdiction if a plaintiff sues only the United States." *Carroll v. United States*, No. 2:17-CV-00391-TMP, 2018 WL 741364, at *1 (N.D. Ala. Feb. 7, 2018) (citing 28 U.S.C. § 1332(a)(1)-(4)); *O'Neal v. Berryhill*, No. 5:18-CV-0479-TMP, 2019 WL 220241, at *4 n.4 (N.D. Ala. Jan. 16, 2019) ("The United States is not a citizen of a State or a foreign country; thus, § 1332

Plaintiff's complaint.  *See Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007) ("[T]he plaintiff bears the burden of establishing subject matter jurisdiction, and, thus, must prove an explicit waiver of immunity." (citation omitted)).  *See, e.g.*, *David v. United States*, No. 8:19-cv-2591-T-36JSS, 2020 WL 4734949, at *4 (M.D. Fla. Aug. 14, 2020) ("The failure to allege that sovereign immunity has been waived as to the claims asserted and to identify the source of the waiver are fatal defects which subjects this action to dismissal."); *Murrell v. United States*, No. 6:01-cv-986-Orl-19KRS, 2007 WL 1549249, at *2 (M.D. Fla. May 25, 2007) ("[T]he allegations of the Complaint fail to allege that the United States, as Defendant, has consented to be sued or waived sovereign immunity.  A party bringing suit against the United States must identify a specific statutory provision waiving sovereign immunity . . . .").

Accordingly, Plaintiff's complaint is due to be dismissed.  *See, e.g.*, *Kight v. U.S. Dist. Ct., N. Dist. of Ga.*, 681 F. App'x 882, 883 (11th Cir. 2017) (affirming dismissal without prejudice of complaint that failed to identify a valid waiver of sovereign immunity for claims of Fifth Amendment due process violations, fraud, and negligence against United States District Court); *Carlson v. Bush*, No. 6:07-cv-

---

does not create original jurisdiction . . . ."). *See also Berman v. United States*, 264 F.3d 16, 20 (1st Cir. 2001) ("General jurisdictional statutes . . . do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government.").

1129-Orl-19UAM, 2007 WL 3047138, at *4 (M.D. Fla. Oct. 18, 2007) (dismissing claims against the United States where the plaintiff did not allege anywhere in the complaint that his claims fell under statutes that waive the sovereign immunity of the United States).

Moreover, as the United States argues, even assuming that Plaintiff's complaint is one for breach of contract, the Court lacks subject matter jurisdiction over it. "The Tucker Act, 28 U.S.C. § 1346(a), waives sovereign immunity for some suits against the United States based upon claims grounded in an express or an implied contract." *Wang v. United States*, No. 8:05-cv-1924-T-30MSS, 2006 WL 1886124, at *5 (M.D. Fla. July 7, 2006). "Under the Tucker Act, federal district courts have concurrent jurisdiction with the United States Court of Federal Claims to the extent that damages do *not* exceed $10,000. However, jurisdiction over contract claims for more than $10,000 lies exclusively in the United States Court of Federal Claims." *Id.* (citing *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir.2004); 28 U.S.C. § 1491(a)(1)). So, to the extent that Plaintiff is suing for breach of some contract, and even assuming Plaintiff has standing and has stated a claim (which the Court does not so find), this Court lacks jurisdiction over Plaintiff's "$200 billion" claim. *See, e.g.*, *id.* (even assuming the plaintiff stated a claim for breach of contract against the United States, dismissing claim under the Tucker Act because the plaintiff sought $250,000.00 in damages and the district court lacked jurisdiction

over the claim); *Davis v. United States*, No. 8:05-cv-1627-T-27EAJ, 2006 WL 2946189, at *5 (M.D. Fla. Oct. 13, 2006) (finding that to the extent that the complaint stated a breach of contract claim against the United States, the district court lacked jurisdiction over it, because the plaintiff sought $25,000.00 in damages plus prejudgment interest).

Given that Plaintiff has not pleaded or established a waiver of the United States' sovereign immunity and has not established subject matter jurisdiction, the case is due to be dismissed. Thus, the Court declines to address the remainder of the United States' contentions. *See* Doc. No. 11. *See also Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice." (citations omitted)).

Plaintiff does not request leave to amend the complaint, and instead, explicitly states that "repleading would be an unnecessary waste of time and could add significant additional costs." Doc. No. 14, at 1. And, in any event, the Court finds that amendment would be futile, as there are no identifiable grounds for this Court's subject matter jurisdiction or the United States' waiver of sovereign immunity for Plaintiff's claim regarding a purported contract between Donald Trump and the FBI. *See generally Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must *sua sponte* provide a *pro se* plaintiff at least

one opportunity to amend his complaint, even where the plaintiff did not request leave to amend.  However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile.  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . ." (citations and quotation marks omitted)).

### IV.   CONCLUSION.

For the reasons discussed herein, the United States' Motion to Dismiss (Doc. No. 11) is **GRANTED**, and this case is **DISMISSED without prejudice for lack of subject matter jurisdiction**.   The Clerk of Court is directed to close the case file.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties